IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.07-cv-00636-JLK-MEH

STEVEN R. RADER and
VIVIAN L. RADER,

      Plaintiffs,

v.

WELLS FARGO BANK, N.A. and various
John and Jane Does,

      Defendants.

_____

ORDER
_____

KANE, J.

      This unfair debt collection action is in need of attention before it spins out of control. Plaintiffs, husband and wife Steven and Vivian Rader, filed this pro se action on March 30, 2007, claiming Wells Fargo's actions related to a purported debt of theirs violated the Unfair Debt Collection Practices Act and the federal racketeering (RICO) statute. *See* "Petition, complaint and claim under authority of 18 U.S.C. § 1964(a) & (c) for violation of 18 U.S.C. §§ 1341 & 1962 attempting to collect an unlawful debt/petition for injunctive and declaratory relief" (hereafter, "Complaint")(Doc. 1). Rather than await Defendants' Answer (and probably in order to thwart a motion to dismiss), Plaintiffs followed their initial pleading with a "Motion for Summary Judgment on All Issues" (Doc. 3), in which Plaintiffs apprise the court of the "national plague" of banks' "debt

buying racket," and describe a series of investigations and actions underway in several states targeting banks engaged in this so-called racket.  The Motion for Summary Judgment is difficult to follow, but urges me to take judicial notice of laws in other jurisdictions targeting the purchase of debt instruments by others, including attorneys and one would presume, banks, and cites 18 U.S.C. § 1964(a) & (c) as supporting the "dissolution of an illicit business" [ostensibly Wells Fargo's] and an award [ostensibly to them] of treble damages.  (Doc. 4 at p. 17.)

On May 14, 2007, Defendants dutifully filed a Response to the Motion for Summary Judgment (Doc. 7) and moved affirmatively to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. Rule 12(b)(6) (Doc. 6).  Plaintiffs immediately moved to "strike" both filings under Fed. R. Civ. P. 12(f) "on grounds of impertinence and inadequate defense" (Doc. 8).  Plaintiffs did file a Response to the Motion to Dismiss (Doc 9), but after declaring the Motion a "substantive and procedural nullity" and a "frivolous demurrer" under Fed. R. Civ. P. 7(c) and after personally attacking Defendants' counsel for filing it "without a single shred of authenticated evidence to dispute the material facts of this instant case," Plaintiffs largely reargue to conclusory railings of their Motions for Summary Judgment and to Strike and fail entirely to address the specific challenges to the legal basis of their claims raised in Defendants' Motion.

Thus I have before me a Complaint, a Motion for Summary Judgment on that Complaint, a Motion to Dismiss the Complaint, and a Motion to Strike the Motion to Dimiss.

Applying a liberal standard to the papers and filings of parties proceeding pro se, I treat Plaintiffs' Motion for Summary Judgment, premised as it is on Defendants' purported "inadequate defense," as a Motion for Default Judgment under Rule 55(b) and DENY it as premature. Defendants have moved to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. Rule 12(b)(6) challenging the sufficiency of Plaintiffs' allegations under Rule 8[1] of the Federal Rules of Civil Procedure, not to assert any affirmative defense, in their own right, to Plaintiffs' claims. Defendants' position is that, even assuming *all* of Plaintiffs' factual allegations constitute "authentic evidence" that will affirmatively be established in the record after discovery, they fail to state a cognizeable claim against the Defendants' as a matter of law. Defendants are entitled to consideration of that motion before the "inadequacy" of any other defenses to Plaintiffs' claims is considered.[2] Indeed, Defendants need not even plead other defenses until their Rule 12(b)(6) motion is

---

[1] Rule 8 governs the "General Rules of Pleading" and requires complaints such as Plaintiffs' to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8(b), and requires each factual averment to be "simple, concise and direct." *Id.* Rule 8(e).

[2] Plaintiffs misapprehend the nature of Rule 12(b)(6) motions, pursuant to which *their* facts and allegations are deemed true and the legal viability of their claims challenged on that basis. Because Plaintiffs' facts are deemed true, I do not consider Defendants' factual allegations if they contradict Plaintiffs'. At this early stage of the proceedings there has been no fact-finding and no discovery by either party. It is far too early to assess the "materiality" of any parties' allegations and certainly to early to challenge the "authenticity" or sufficiency of Defendants' factual allegations. We proceed assuming the Rader's version of the facts is accurate, and it is only after Plaintiffs' version of the facts survives a Rule 12(b)(6) challenge that we would proceed to discovery and any challenge of defendants' facts on their merits on summary judgment. *See generally*, C. Wright & A. Miller, Federal Practice and Procedure: Civil 3d §§ 1341-57 (vol. 5B), *and* §§ 2711-13 (vol. 10A) (West 2004).

resolved.

Because Plaintiffs' Motion to Strike is essentially a reassertion of Plaintiffs' contention that Wells Fargo lacks any "adequate defense," it duplicates Plaintiffs' argument in their Motion for Summary Judgment and is also DENIED.

The only Motion remaining is Defendants' Motion to Dismiss, which I will address in a separate Order. Having reviewed the Motion, together with the Complaint and the parties' related briefing, I determine oral argument is unnecessary and I will issue my ruling on the briefs.


June 11, 2007.                                     **s/John L. Kane**
                                                   SENIOR U.S. DISTRICT JUDGE