IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.07-cv-00636-JLK-MEH

STEVEN R. RADER and
VIVIAN L. RADER,

        Plaintiffs,

v.

WELLS FARGO BANK, N.A. and various
John and Jane Does,

        Defendants.

---

## ORDER
---

KANE, J.

      This consumer debt/unfair debt collection practices action is before me on

Defendant Wells Fargo's Motion to Dismiss (Doc. 6).  Wells Fargo moves to dismiss on

grounds that the parties are already engaged in litigation in state court.  Wells Fargo

contends Plaintiffs' claims should more properly be filed in the state court action as

compulsory counterclaims, and that I, in any event, should abstain from hearing

Plaintiffs' claims here in the interest of judicial economy and out of respect for the state

court proceedings.  I hold the Motion in abeyance pending consideration of additional

materials and filings as set forth below:

### *Facts and Procedural History.*

      As best as can be ascertained from Plaintiffs' Complaint, the dispute between the

parties arose out of the Raders' alleged credit card debt and Wells Fargo's attempts to collect payment on that debt.  The Raders deny a valid credit card agreement ever existed between them and the bank, but argue that, if it did, they filed a "procedurally proper billing error" statement such that the Bank's efforts thereafter to collect on that debt were unlawful.  Further, the Raders contend that by sending them demands for payment they do not owe, and by "charg[ing] off and sell[ing]" their alleged debt to collection agencies and organizations such as Money World Network, foreclosurestore.com, chargedoffclearringhouse.com, and loans@money-finance.us, which have then harrassed them, Wells Fargo has violated federal mail fraud statutes and facilitated "extortion" in what amounts to a "pattern" of racketeering in violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962.  Specifically, Plaintiffs contend Wells Fargo engaged in three "predicate acts" of mail fraud in violation of 18 U.S.C. § 1341 by sending them "false"documents through the mail and then, by selling or assigning its purported collection rights to others, engaged in a fourth predicate act by "facilitat[ing] unknown third party debt collectors in a campaign of extortion . . . harass[ment] [and] intimid[ation]."  Compl. pp. 3-4.  For their relief, the Raders seek an order requiring "Wells Fargo Bank, N.S. and all parties collateral to Wells Fargo Bank, N.S. to cease and desist the harassment of Steven R. Rader and Vivian L. Rader and set the matter of damages for a jury trial or, in the alternative, based on inquiry, reasonable under the circumstances, to order the dissolution of Wells Fargo Bank, N.A."

Wells Fargo moves to dismiss, alleging all of the acts of which the Raders

complain took place before Wells Fargo initiated the state court action against the Raders for payment on their credit card debt.  Invoking Rule 13(a) of the Colorado Rules of Civil Procedure and *Fox v. Maulding*, 112 F.3d 453 (10th Cir. 1997), Wells Fargo contends that instead of initiating a whole new action in federal court, the Raders should have filed their mail fraud and RICO claims as compulsory counterclaims in the pending state court action.  At the time they filed their federal case, the Raders had already filed a counterclaim against Wells Fargo in the state court action, denying, on the same grounds asserted here, that no valid credit card agreement exists and accusing the Bank of fraud.  While their state court counterclaim did not specifically allege mail fraud or RICO, it clearly arises out of the same facts and events that form the basis for the Raders' federal court action.

Colorado's compulsory counterclaim rule is set forth at Colo. R. Civ. P. 13(a), which provides that a pleading "shall state as a counterclaim any claim which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."  From the facts plead in the federal court Complaint, all of the "predicate acts" upon which Plaintiffs base their federal mail fraud and RICO claims had already occurred at the time Wells Fargo filed its state court Complaint and Plaintiffs' filed their counterclaim.  Plaintiffs do not respond to this argument in their brief.  While it is likely that Plaintiffs' mail fraud and civil RICO claims are compulsory counterclaims

3

in the state court action, the fact Plaintiffs are proceeding pro se and have failed to address – and perhaps even to understand – the technical nature of the compulsory counterclaim defense (or, perhaps, the fact that concurrent jurisdiction over their claims likely exists in the state court), it is preferable that I consider first whether Plaintiffs claims are even viable as pled.

Accordingly, I issue the following orders:

1.      The parties **SHALL CONFER** and **SUBMIT** a Joint Status Report describing the status of the state court proceedings.  If it remains possible for the Plaintiffs to amend their counterclaim in the Archuleta County action, they should give serious consideration to doing so as any ruling on my part that those claims are not viable might be binding on them in that action.   If Plaintiffs do amend their counterclaim, Wells Fargo should state whether it would consider removing the action to federal court, as it would be entitled to do under the federal statute permitting removal of federal claims from state to federal court.  *See* 28 U.S.C. § 1441(b).  In that case, of course, Wells Fargo's position on the issues of comity and deference to the state court would lose a modicum of traction.  The parties' Joint Status Report, which shall be filed by Wells Fargo on behalf of itself and the Raders, **is due within ten (10) days** of the date of this Order, or no later than **Monday, June 25, 2007.**  The Report shall set forth the specific procedural status of the state court action and the nature, if any, of any agreement the parties

reached on further pursuit of this action.  If the parties believe a referral for a global settlement of their claims may be fruitful, they should so state and a referral to Magistrate Judge Hegarty will be ordered for settlement purposes.

2.     Should Plaintiffs decline to dismiss their Complaint in this case and proceed on their mail fraud and civil RICO claims, then the parties **SHALL BRIEF** the viability of those claims under the facts alleged under the standards set forth in Fed. R. Civ. P. 12(b)(6).  Briefing on the question of whether Plaintiffs' Complaint states any viable claim under 18 U.S.C. § 1341 or 18 U.S.C. § 1962 will proceed as follows: Wells Fargo shall file a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on or before **Monday, July 2, 2007** and the Raders shall have to **Wednesday, July 18, 2007** to file their Response.  Wells Fargo may file a Reply brief no later than **Friday, July 27, 2007.**

Finally, I note that while Plaintiffs' outrage is apparent from the tenor of their allegations, their allegations may give rise to a claim for relief under the federal Unfair Debt Collection Practices Act, 15 U.S.C. § 1692 *ff.*, which they have, to date, failed explicitly to plead.

Dated June 13, 2007.                                        **s/John L. Kane**
                                                            SENIOR U.S. DISTRICT JUDGE