IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00636-WDM-MEH

STEVEN R. RADER, *et al.*,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A., *et al.*,

    Defendants.

---

## RECOMMENDATION ON PENDING MOTIONS

---

Before the Court are Plaintiffs' Motion to Amend Complaint and to Stay all Proceedings [Docket #45], Defendant Wells Fargo Bank, N.A. ("Wells Fargo")'s Motion to Dismiss [Docket #6], which the Court converted to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(c) [Docket #42], and Defendant's Second Motion to Dismiss [Docket #15]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** Plaintiffs' Motion, **deny** without prejudice Defendant's Second Motion to Dismiss, **grant** Defendant's first Motion, and **dismiss** this case without prejudice based on *Younger* Abstention.

**I.    Facts**

Plaintiff Steven Rader has filed two lawsuits, and Plaintiff Vivian Rader has filed three lawsuits in this District based on an alleged debt-buying scheme and asserting fraud claims under the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1962 *et seq.* ("RICO"). These cases are Civil Action Nos. 07-cv-00634, 07-cv-00635, and the present case, 07-cv-00636. The Court takes judicial notice of the filings in each of these cases. In all three cases, Plaintiffs were sued

by the Defendant in state court based on an alleged debt. Plaintiffs counterclaimed against the Defendant in state court and then filed suit against them in federal court. As discussed herein, each of these cases either attacks a valid state court judgment or presents claims that are related to the same transaction and, therefore, constitute compulsory counterclaims under state law. Plaintiffs' complaint in each case, along with many of the filings, mirrors the other cases verbatim. Particularly, Plaintiffs' complaint in this case includes the same allegations against the same Defendant as Civil Action No. 07-cv-00634, though the predicate acts are different. Apparently, Wells Fargo attempted to collect, and filed suit based on, two different debts; thus, Plaintiffs have filed two different RICO cases.

Plaintiffs filed this action against Defendant Wells Fargo and various John Does asserting claims of wire fraud and violations of RICO. Plaintiffs allege that Defendant Wells Fargo "uses harassment, threat, and intimidation to collect debts not owed." Complaint at 2. Plaintiffs allege that Wells Fargo ignored a proper billing dispute and attempted to collect on a debt in violation of federal law. Plaintiffs set forth four predicate acts to support their RICO claims, which involve writings sent through the mail by Wells Fargo to Plaintiffs, and allege that these acts by Wells Fargo were orchestrated to induce Plaintiffs to pay to Wells Fargo monies not legally owed. Plaintiffs also allege acts by various third parties, who allegedly harassed Plaintiffs in attempting to extort money that was not owed. The crux of Plaintiffs' allegations is that Defendant has engaged in a scheme to defraud consumers by collecting on debts not legally owed to Defendant.

On May 14, 2007, Defendant filed a Motion to Dismiss in lieu of an Answer, in which Defendant argues that Plaintiffs have already asserted a counterclaim in a pending state court action and that Plaintiffs have failed to state a claim for relief under RICO. Defendant attached Plaintiffs'

2

counterclaim which alleges that Wells Fargo has committed fraud. Because Defendant relied on matters outside the pleadings, the Court converted the Motion to Dismiss to summary judgment and allowed the parties to submit additional briefing on this issue.

In response to the invitation for additional briefing, Defendant submitted an affidavit from the attorney in the state court action, which states that Defendant filed an action in state court, the Raders filed a counterclaim, and the state court entered judgment in favor of Wells Fargo on its debt claim. The Raders' counterclaim for fraud remains pending, and Wells Fargo has filed for summary judgment on the claim. Dock. #44. Plaintiffs have filed a supplemental brief as well, in which they argue that Defendant cannot rely on the sworn affidavit submitted by counsel in the state court case because he is an attorney and because the affidavit is not accompanied by a "complete and certified transcript of the entire case." Dock. #47, p. 9. Without this, Plaintiffs contend that this Court cannot determine whether the state court ever had jurisdiction over the case. *Id.*

## II. Legal Standard

### A. Legal Standard for Summary Judgment

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Finally, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

### B.    *Pro se* Pleadings

A federal court must construe a *pro se* Plaintiffs's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a Plaintiffs's complaint or construct a legal theory on Plaintiffs's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations

and citations omitted). The Court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiffs retains the burden of alleging sufficient facts to support a claim for relief, because "a *pro se* Plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### III. The Parties' Pending Motions

#### A. Defendant Wells Fargo's Motions to Dismiss

Defendant Wells Fargo argues that Plaintiffs have failed to state a claim for relief and that certain abstention doctrines require this Court to dismiss Plaintiffs' Complaint so that Plaintiffs may pursue these claims in state court. Specifically, Defendant contends that Plaintiffs' claims are compulsory counterclaims, which Plaintiffs are required to assert in their counterclaim in the state court action. In fact, Plaintiffs have asserted a counterclaim for fraud against Defendant in the state court action, which remains pending. Dock. #6, Exh. 2; Dock. #46.

##### 1. *Younger* Abstention

Federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal constitutional challenges. *Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to the *Younger* Abstention Doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004). If a party is seeking equitable relief, the Court may dismiss the suit under abstention principles "because of 'scrupulous regard for the rightful independence of the state governments' and for the smooth

working of the federal judiciary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718, 721 (1996) (quoting *Railroad Com. of Texas v. Pullman Co.*, 312 U.S. 496, 501 (1941) (citation omitted). Here, Plaintiffs seeks an Order requiring Defendant to cease and desist its harassment and attempts to collect from Plaintiffs and an Order of dissolution against Wells Fargo. Dock. #1, p. 6. Thus, an analysis of abstention principles is warranted.

> This Court must abstain from exercising jurisdiction if the following conditions are met:
>
> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

First, the parties are involved in ongoing state court proceedings on the same issues. Wells Fargo is seeking in state court to collect on a debt allegedly owed by Plaintiffs, and Plaintiffs have asserted a counter-claim for fraud against Wells Fargo in the state court action. Second, the state court provides an adequate forum for Plaintiffs' claims, because state courts have concurrent jurisdiction over RICO claims. Further, Plaintiffs could raise the allegations of fraud as a complete defense to the state court case, and is, in fact, seeking to do so. Dock. #6, Exh. 2, pp. 1, 5-6; *see also D.L. v. Unified School. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004) (noting that the ability to raise federal concerns as a defense in the state court action is sufficient to require abstention). Plaintiffs argue that the state court is not an adequate forum because the penalties Defendant could face are more severe in federal court. This possibility is not an adequate concern for Plaintiffs, because they can still obtain individual relief in the state court. *Joseph A. ex. rel Wolfe v. Ingram*, 275 F.3d 1253, 1274 (10th Cir. 2002).

Plaintiffs also object to continuing in state court by arguing that the state court proceedings are "sham legal proceedings" based on the following contentions:

(1). Standing to sue in the respective state court was never proved,
(2). Standing to sue as a *bona fide* holder-n-due course was never proved,
(3). Corporate charter authority to make consumer loans was never proved,
(4). Corporate charter authority to sue for damages on consumer loans was never proved,
(5). Damages in fact were never proved,
(6). Delegation of actual (vs. apparent) authority from enterprises such as Wells Fargo Bank, N.A. to predicate actors such as David A. Solomon was never proved, and
(7) That the Raders owed an amount due was never proved.

Dock. #47, p. 13. Essentially, Plaintiffs are discontent with the level of success in the state court system and now wish to pursue identical claims in federal court. *See* Dock. #47, Affidavit of Vivian Rader, ¶8 ("By now my due process rights and attempts to receive discovery in the state cases brought by the third party debt collectors had made it clear to me that *state* court forensics would not allow me my substantive rights to ascertain the truth of matters being asserted.") (emphasis in original), ¶11 ("Having filed federal RICOs in hopes of FEDERAL court forensics to resolve my concerns. . . "). Discontentment with state court proceedings does not allow Plaintiffs to pursue identical claims in federal court. Plaintiffs' concerns may be raised on appeal within the state court process, but they do not establish that their claims of fraud under RICO cannot be properly raised in the state court proceedings when Plaintiffs counterclaim for fraud against Wells Fargo is still pending. *Joseph A. ex. rel Wolfe*, 275 F.3d at 1274.

Third, the alleged debt at issue is governed by state contract law. Aside from the RICO claims, Plaintiffs also assert violations of the FDCPA. Yet, as a creditor, not a debt collection agency, the FDCPA does not apply to Defendant Wells Fargo. *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (holding that a creditor's attempts to collect on its own debts, even through

the use of a third party, is not covered by FDCPA). Moreover, the state court adjudicated the rights of the parties regarding the debt at issue, and Plaintiffs are still pursuing their fraud claims against Defendant in state court.

Although the state court decision is not yet a final, non-appealable judgment, principles of abstention necessitate allowing the state court proceedings to continue unhindered by this Court's actions. *Unified School. Dist. No. 497*, 392 F.3d at 1228 ("[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."). Were Plaintiffs' claims only for damages, a stay would be appropriate, rather than dismissal. *Buck v. Myers*, No. 06-4236, 2007 U.S. App. LEXIS 16337, *9 (10th Cir. July 10, 2007). Plaintiffs, however, also seek an injunction prohibiting Defendant's attempts to collect the debt, as well as dissolution of the company. Under these circumstances, the Court believes that dismissal without prejudice under *Younger* is more appropriate, particularly given the likelihood that Plaintiffs' claims constitute compulsory counterclaims in the state court action, as discussed below. *Id.*

### 2. Compulsory Counterclaim

Colorado's compulsory counterclaim rules prohibits a party from bringing claims that are related to and should have been raised in a prior suit. *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1276 (10th Cir. 2006). When a party seeks to raise claims in a second lawsuit based on facts that formed the basis of its defense in the prior lawsuit, the claims are precluded if "(1) the defendants' success in the latter action would nullify the original judgment or impair the rights established in the original action or (2) a statute required the defendant to bring his claims in the original action." *Valley View Angus Ranch, Inc. v. Duke Energy Field Services, Inc.*, No. 06-6025, 2007 U.S. App.

LEXIS 18772 *7-*8 (10th Cir. Aug. 8, 2007).

First, there is no evidence before the Court that a judgment in this case would nullify a state court judgment. While the state court has entered summary judgment in favor of Defendant on the debt, no evidence that this is a final, non-appealable state court judgment has been submitted. Hence, Plaintiffs' claims are not barred on this ground. Second, Colorado's compulsory counterclaim statute requires a defendant to "state as a counterclaim any claim which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Colo. R. Civ. P. 13(a). Here, Plaintiffs' claims arise from the same series of events as Defendant's state court action, namely the existence of a credit card debt, Plaintiffs' failure to pay, and Defendant's attempts to collect this debt. Thus, if Plaintiffs' claims against Wells Fargo were available to them at the time they filed their answer or counterclaim in state court, they are compulsory counterclaims. All of the predicate acts listed in Plaintiffs' complaint occurred prior to the state court action. Plaintiffs knew of Defendant's attempts to collect on the debt, and in fact, defended against the state court action by arguing that the debt was no longer valid. Moreover, Plaintiffs asserted a counterclaim for fraud against Wells Fargo in the state court action. Motion to Dismiss, Exh. 2. In fact, that claim is still pending. Dock. #46. Thus, the proper forum for Plaintiffs' claims is the state court, because Plaintiffs' claims could stand as a complete defense to the state court action. *See Fox v. Maulding*, 112 F.3d 453, 458 (10th Cir. 1997) ("The Foxes' RICO and pendent state claims challenge the validity of the loan and mortgage at issue in the foreclosure action. Had these claims been raised and substantiated in the foreclosure action, they may have been a complete defense to the foreclosure.").

Defendant also filed a Second Motion to Dismiss for failure to state a claim upon which relief

can be granted. Because the Court finds that abstention is proper, the Court will not reach the merits of the claim and recommends that Defendant's Second Motion to Dismiss be denied without prejudice.

### B. Plaintiffs' Motion to Amend Complaint

Plaintiffs have also submitted a Motion Amend, in which they seek to pursue their claims on behalf of all others similarly situated and wish to add twenty-five individually-named Defendants, including the undersigned Magistrate Judge, among other judges on this Court. Plaintiffs state that they can now establish that the recent activities of the individual Defendants have aided and abetted Defendant Wells Fargo's fraud. Plaintiffs do not set forth specific predicate acts for these Defendants. Yet, even if the Court allowed them to do so, Plaintiffs' fraud claims, which these new Defendants have allegedly aided and abetted, constitute compulsory counterclaims in state court, are otherwise barred by judicial immunity, or are also subject to abstention under *Younger*. Thus, the Court recommends that Plaintiffs' Motion to Amend be denied as futile. *See Watson v. Beckel*, 242 F.3d 1237, 1239 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment.").

### IV. Rule 11 Sanctions

Throughout their pleadings, Plaintiffs admonish Defendant's counsel and request that this Court sanction Defendant's counsel for his pleadings and conduct in this case. Plaintiffs must also conform to the standards of conduct outlined in Rule 11, which requires Plaintiffs to certify that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment

of new law." Fed. R. Civ. P. 11(b)(3).   A party's *pro se* status "does not provide litigants with a license to file baseless pleadings that serve to 'clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Duncan v. Citibank, N.A.*, No. 06-0246, 2007 U.S. Dist. LEXIS 33731 *13 (D.N.M. Mar. 31, 2007) (citations omitted).  To date, many of Plaintiffs' filings are beyond the pale of legally frivolous.  The Court does not undertake at this time to sanction Plaintiffs *sua sponte*.  Nonetheless, Plaintiffs are cautioned that all filings in this Court must meet the requirements of Rule 11.

## V.    Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiffs' Motion to Amend Complaint and Stay of Proceedings [Filed September 14, 2007; Docket #45] be **denied** as futile; that Defendant's Second Motion to Dismiss [Filed July 2, 2007; Docket #15] be **denied without prejudice**; and that Defendant's first Motion to Dismiss [Filed May 14, 2007; Docket #6] be **granted**, and that this case be **dismissed without prejudice** pursuant to *Younger*.  Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 21st day of September, 2007.

                BY THE COURT:

                s/ Michael E. Hegarty
                Michael E. Hegarty
                United States Magistrate Judge